UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

TANYA CREATIONS LLC,

                          Plaintiff,                     **COMPLAINT**

    -against-                                     Docket No.: 20-cv-

WINDSTREAM BUSINESS HOLDINGS, LLC,
WINDSTREAM SERVICES LLC, WINDSTREAM
COMMUNICATIONS, LLC, WINDSTREAM
ENTERPRISE, WINDSTREAM NEW YORK, INC.,
BROADVIEW NETWORKS, INC. EARTHLINK
BUSINESS, LLC and EARTHLINK CARRIER, LLC

                          Defendants.

------------------------------------------------------------------------X

Plaintiff, TANYA CREATIONS LLC ("Tanya" or "Plaintiff"), by its attorney, Ruskin Moscou Faltischek, P.C., as and for its Verified Complaint against WINDSTREAM BUSINESS HOLDINGS, LLC, WINDSTREAM SERVICES LLC, WINDSTREAM COMMUNICATIONS, LLC, WINDSTREAM ENTERPRISE, WINDSTREAM NEW YORK, INC., BROADVIEW NETWORKS, INC. EARTHLINK BUSINESS, LLC and EARTHLINK CARRIER, LLC (collectively, "Windstream" or "Defendants"), alleges as follows:

## NATURE OF ACTION

1. This action seeks: (i) declaratory judgment that Plaintiff is in material breach of the Agreement (defined below), Tanya properly exercised its right to terminate the Agreement and that the Agreement is terminated; and (ii) monetary damages caused by Defendants' breach of the Agreement and for unjust enrichment.

902437

## JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has diversity jurisdiction over this case insofar as the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff and each of the Defendants are authorized to do business and are doing business in this judicial district.

## THE PARTIES

4. Tanya is a limited liability company organized and existing under and pursuant to the laws of the State of Rhode Island with a principal place of business located at 360 Narragansett Park Dr., East Providence, Rhode Island.  Tanya is a citizen of the State of Rhode Island.

5. Tanya is authorized to do business in New York, having a place of business located at 389 Fifth Avenue, New York, NY 10016.

6. Windstream Business Holdings, LLC ("Windstream Business") is a limited liability company organized and existing under and pursuant to the laws of the State of Delaware with a place of business located at 6 International Road, Rye Brook, NY 10523.  Windstream Eagle Holdings, LLC is the sole member of Windstream Business.  Windstream Eagle Holdings, LLC is a limited liability company organized and existing under and pursuant to the laws of the State of Delaware with its principal place of business located at 4001 Rodney Parham Road, Little Rock, AK 72212. Accordingly, Windstream Business is not a citizen of the State of Rhode Island.

7. Windstream Services LLC ("Services") is a limited liability company organized and existing under and pursuant to the laws of the State of Delaware with its principal place of

902437

business located at 4001 Rodney Parham Road, Little Rock, AK 72212, and is authorized to do business in the State of New York.  Windstream Holdings, LLC is the sole member of Services. Windstream Holdings, LLC is a limited liability company organized and existing under and pursuant to the laws of the State of Delaware with its principal place of business at 4001 Rodney Parham Road, Little Rock, AK 72212. Services is not a citizen of the State of Rhode Island.

8. Windstream Communications, LLC ("Communications") is a limited liability company organized and existing under and pursuant to the laws of the State of Delaware with its principal place of business located at 4001 Rodney Parham Road, Little Rock, AK 72212, and is authorized to do business in New York. Services is the sole member of Communications. Services is a limited liability company organized and existing under and pursuant to the laws of the State of Delaware with its principal place of business at 4001 Rodney Parham Road, Little Rock, AK 72212. Accordingly, Communications is not a citizen of the State of Rhode Island

9. Windstream Enterprise is a corporation organized and existing under and pursuant to the laws of the State of Delaware with its principal place of business at 4001 Rodney Parham Road, Little Rock, AK 72212 and is authorized to do business in New York. Windstream Enterprise is not a citizen of the State of Rhode Island.

10. Windstream New York, Inc. ("Windstream NY") is a corporation organized and existing under and pursuant to the laws of the State of New York, with its principal place of business located at 60 Hudson Street, New York, NY 10013.  Windstream NY is not a citizen of the State of Rhode Island.

11. Broadview Networks, Inc. ("Broadview") is a corporation organized and existing under and pursuant to the laws of the State of Delaware with its principal place of business located at 4001 Rodney Parham Road, Little Rock, AK 72212 and is authorized to do business in

902437

the State of New York.  Broadview is not a citizen of the State Rhode Island.

12. Earthlink Business, LLC ("Earthlink") is a limited liability company organized and existing under and pursuant to the laws of the State of Delaware, with its principal place of business located at 4001 Rodney Parham Road, Little Rock, AK 72212, and is authorized to do business in the State of New York.  Windstream Business is the sole member of Earthlink. Windstream Business is a limited liability company organized and existing under and pursuant to the laws of the State of Delaware with its principal place of business located at 4001 Rodney Parham Road, Little Rock, AK 72212. Accordingly, Earthlink is not a citizen of the State of Rhode Island.

13. Earthlink Carrier, LLC. ("Earthlink Carrier") is a limited liability company organized and existing under and pursuant to the laws of the State of Delaware with its principal place of business located at 4001 Rodney Parham Road, Little Rock, AK 72212, and is authorized to do business in New York.  Windstream Eagle Services, LLC is the sole member of Earthlink Carrier.  Windstream Eagle Services, LLC is a limited liability company organized and existing under and pursuant to the laws of the State of Delaware with its principal place of business located at 4001 Rodney Parham Road, Little Rock, AK 72212.  Accordingly, Earthlink Carrier is not a citizen of the State of Rhode Island.

## BACKGROUND

14. On April 26, 2019 Tanya and the Windstream entered into that certain Addendum to Windstream Service Terms and Conditions (the "Agreement"), pursuant to which Windstream agreed to install and provide upgraded telecom and broadband services to Tanya as follows:

    a) telecommunications system design,

    b) delivery and installation of telecommunications and broadband systems and all necessary hardware and equipment (the "Systems"),

902437

  and

  c) provide ongoing telecommunication and broadband services to Plaintiff including, but not limited to Defendant's Software Designed WAN product, a managed solution that provides secure overlay network to interconnect customer locations and the cloud for sixty (60) months (the "Services").

A copy of the Agreement is annexed hereto as Exhibit "A", incorporated herein and expressly made a part of this Complaint.[1]

15. Windstream has charged and continues to charge Tanya with recurring fees for the installation of the new equipment and Systems and the provision of the Services, in the aggregate monthly amount of $5,809.50 (Agreement, Exhibit "A").

16. Pursuant to the Agreement, Defendants agreed to complete the installation of the Systems within 120-180 days. (Agreement, Exhibit "A" at Final Page).

17. Defendants failed to deliver and install the Systems, nor provided the Services under the Agreement in a substantially operational manner.

18. Defendant's failure to deliver and install the Systems or provide the Services constitutes a material breach of the Agreement.

19. The Agreement provides that either party may terminate the Agreement by providing forty-five (45) days written notice for breach of a material term of the Agreement. (Agreement, p. 6)

20. By letter date February 13, 2020 (the "Notice"), Tanya, by its counsel, notified the Defendants that it was in material breach of the Agreement. A copy of the Notice is annexed hereto as Exhibit "B".

---

[1] Tanya only received an electronically scanned counterpart of the Agreement which scan did not recover the entire left margin on all pages, thus leaving many pages without section numbers. As a result references may not include section numbers to the Agreement.

902437

21.     Defendants failed and refused to cure the breach notwithstanding the Notice.

22.     More than forty-five (45) days has elapsed since Tanya provided the Notice to the Defendant.

23.     Based upon the foregoing, and pursuant to the express terms and conditions of the Agreement, the Agreement terminated on March 29, 2020.

24.     By email dated March 30, 2020 (the "Termination"), Tanya, by its counsel, notified the Defendants that the Agreement was terminated based upon Defendant's material breach. A copy of the Termination is annexed hereto as Exhibit "C".

25.     Prior to entering into the Agreement, Tanya had subscribed with Earthlink (an entity later acquired by Windstream) for telephone and broadband services.

26.     During the installation process, Windstream charged Tanya for the *to be* installed SDWAN system which would be used when the new system was installed and operative while it was also charging for the "old" telecom and broadband fiber optic services.

27.     As a result Tanya was forced to pay for two services while Windstream neglected to complete its installation in a timely manner as required by the Agreement.

28.     As a result, Tanya was subjected to excessive costs and other losses resulting from Windstream requiring these redundant services, including increased costs for securing a replacement system for the System never completed by Windstream.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Declaratory Judgment)**

29.     Tanya repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as though more fully set forth at length herein.

30.     As set forth above, Defendants failed to timely install the System and provide the Services pursuant to the terms and conditions of the Agreement.

902437

31. Tanya has complied with all of the terms and conditions contained in the Agreement.

32. Tanya provided notice to Defendants of its material breach of the Agreement.

33. Defendants failed and refused to cure its material breach of the Agreement, despite due demand.

34. Tanya terminated the Agreement pursuant to the express provisions contained in the Agreement at page 6.

35. Based upon the foregoing, Tanya requests an order declaring and adjudicating that:

    (i) Defendants are in material breach of the Agreement;

    (ii) Defendants failed to cure their material breach of the Agreement, despite due demand; and

    (iii) the Agreement is terminated.

36. Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
**(Breach of Contract)**

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as though more fully set forth at length herein.

38. Defendants breached the Agreement by failing to install the Systems and provide the Services.

39. As a direct and proximate result of Defendant's breach of the Agreement, Plaintiff has incurred direct and actual damages in an amount not presently known but believed to be in excess of $150,000.

40. Based upon the foregoing, Tanya is entitled to a judgment awarding damages

7

against Defendants in an amount to be proven at trial and estimated to exceed $150,000, together with prejudgment interest as provided under New York law, attorneys' fees and expenses pursuant to the express provisions of the Agreement, and the costs and expenses of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

41. Tanya repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as though more fully set forth at length herein.

42. As set forth above, the Defendants breached the Agreement by failing to deliver and install the System and provide the Services.

43. Notwithstanding Defendant's material breach of the Agreement, and pursuant to the express terms of the Agreement, Tanya made payments of unnecessary, redundant charges to Windstream.

44. Based upon the foregoing, Defendants have been unjustly enriched at the expense of Tanya in an amount to be proven at trial and estimated to exceed $75,000.

45. Equity requires that the Defendants pay to Tanya the amount of the excessive expenses paid to the Defendants pursuant to the Agreement.

46. Based upon the foregoing, Tanya is entitled to judgment against Defendants in an amount to be proven at trial and estimated to exceed $75,000, together with prejudgment interest as provided under New York law, attorneys' fees and expenses pursuant to the express provisions of the Agreement, and the costs and expenses of this action.

**WHEREFORE**, Plaintiff demands:

(a) on the First Cause of Action, a judgment declaring that: (i) Defendants are in material breach of the Agreement, (ii) Defendants failed and refused to cure the material breach despite due demand; and (iii) the Agreement is terminated;

(b) on the Second Cause of Action, a judgment against Defendants for monetary damages in an amount to be proven at trial and estimated to equal or exceed $150,000, together with prejudgment interest as provided under New York law;

(c) on the Third Cause of Action, a judgment against Defendants for monetary damages in an amount to be proven at trial and estimated to equal or exceed $75,000, together with prejudgment interest as provided under New York law;

(d) Tanya's costs, fees and expenses, including reasonable attorneys' fees and expenses pursuant to the express provisions of the Agreement; and

(e) such other, further and different relief as to the Court may deem just and proper.

Dated: Uniondale, New York
March 30, 2020

                                             RUSKIN MOSCOU FALTISCHEK, P.C.

By: _____
Jeffrey A. Wurst, Esq.
Michael S. Amato, Esq.
*Attorneys for Plaintiff*
*Tanya Creations LLC*
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, New York 11556
(516) 663-6600